# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA



4/15/2013

RE: DIONNE HENDERSON V. MR. JOHN P. DELANEY, ETAL
CA No. 12-4265

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Angell, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: LINDA V. JERRY
, Deputy Clerk

cc: Courtroom Deputy to Judge Gardner
Henderson
Affronti

civ623.frm
(11/07)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIONNE HENDERSON : CIVIL ACTION
[708286] :
:
:
v. :
:
:
MR. JOHN P. DELANEY, et al. : NO. 12-4265

## REPORT AND RECOMMENDATION

M. FAITH ANGELL                                             April 12, 2013
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241.[1] Petitioner Dionne Henderson is currently incarcerated at Curran-Fromhold Correctional Facility in Philadelphia, Pennsylvania, after being charged with seventeen separate charges of sexual misconduct against his minor daughter. For the reasons which follow, it is recommended that Mr. Henderson's habeas claims be denied and dismissed without prejudice for failure to exhaust state court remedies.

## BACKGROUND AND PROCEDURAL HISTORY[2]

Mr. Henderson was arrested on April 20, 2009, and his preliminary hearing was held on July 1, 2009. At that time Petitioner was held for court on the following charges: rape, IDSI, unlawful contact with a minor, aggravated indecent assault without consent; unlawful restraint with serious bodily injury, incest, false imprisonment, endangering the welfare of

---

[1] The Third Circuit has previously held that state court prisoners seeking federal habeas relief must do so under 28 U.S.C. §2254 and not under 28 U.S.C. §2241. *See Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001). Thus, this claim will be evaluated under §2254.

[2] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Henderson's habeas corpus petition filed pursuant to 28 U.S.C. §2241, inclusive of all exhibits thereto; numerous letters filed with this Court by Petitioner; Petitioner's Affidavit of Facts; the Commonwealth's Response, with exhibits, and the state court record.

children, corruption of minors, indecent exposure, terroristic threats, indecent assault, simple assault, reckless endangerment, aggravated assault, sexual assault, intimidation of a witness/victim, and violation of a protective order. Represented by A. Charles Peruto, Jr., Esquire, Petitioner was held for court on all charges. *See* Response to Petition for Writ of Habeas Corpus[3], Exhibit A. Mr. Henderson's formal arraignment in the Court of Common Pleas of Philadelphia County was held on July 22, 2009, at which time Petitioner informed the court that he was no longer represented by Mr. Peruto. Steven G. Laver, Esquire was, thus, appointed. Subsequently, Mr. Henderson filed a number of *pro se* motions: two motions for modification of bail, a motion to dismiss pursuant to rule 600, and a motion to have counsel removed. On December 15, 2009, Mr. Laver was permitted by the court to withdraw, and Gary Sanford Server, Esquire was appointed as Petitioner's third counsel. Mr. Server then filed a notice of Alibi, followed by a motion for release pursuant to Rule 600 and several other motions relating to evidence he wanted to use against the complaining witness. *See* Commonwealth's Response at 2.

On January 19, 2010, the court changed Mr. Henderson's bail to "nominal bail with the condition of house arrest with electronic monitoring", and he was to stay away from the complainant, her aunt and caregiver. *Commonwealth v. Henderson*, No. CP-51-CR-0008614-2009, Order (C.C.P. Philadelphia County, January 19, 2010); Commonwealth's Response, Exhibit E. On April 14, 2010, Petitioner filed a *pro se* motion to dismiss pursuant to Rule 600. *See* Commonwealth's Response at 2.

Mr. Henderson's case was listed for trial on May 17, 2010. As the Court was unavailable on that date, the case was relisted for November 15, 2010. On October 22, 2010, Mr. Server

---

[3] Hereinafter "Commonwealth's Response".

2

filed a motion to withdraw as counsel; however, after a hearing, it was denied on November 10, 2010. Jury selection began on November 16, 2010, but, on November 17, 2010, the trial was stopped after a courtroom outburst by Petitioner. A psychological evaluation was immediately ordered. On November 18, 2010, Hope S. Selarnick, M.D. recommended:

Based on the actions of this [petitioner] in the courtroom and based on the presence of two major mental disorders, it is recommended that this [petitioner] be committed for a period of 30 days to the Mental Health Wing of the prison. It is recommended that he be started on medication for both his mood disorder and for his anxiety disorder. Both of these major mental disorders are likely contributing to his current mental state. He is not currently capable of participating in his trial at this time as he is not able to assist in his own defense or to contain his emotions to a reasonable degree within a courtroom setting. His prognosis at this point is guarded.

Commonwealth's Response, Exhibit H. The trial court so ordered Mr. Henderson's commitment on February 1, 2011. *Id.*

On March 3, 2011, Mr. Henderson was deemed competent to proceed, and the matter was listed for a jury trial on September 12, 2011. On September 9, 2011, Petitioner filed another *pro se* motion for modification of his bail. Because Mr. Server was in the midst of another trial at the time, he moved for a continuance, and a new trial date of December 12, 2011 was listed. On October 14, 2011, Mr. Henderson again sought new counsel (*See* Commonwealth's Response, Exhibit I), and he filed a motion for modification of bail. Defense counsel again sought a continuance of the trial due to his schedule, and a new date was set of July 10, 2012. More motions were forthcoming: 1) a motion for appointment of counsel filed *pro se* by Petitioner on February 7, 2012; a motion to set nominal bail filed *pro se* by petitioner on February 8, 2012, and an oral motion to vacate the house arrest condition on Petitioner's bail filed by defense counsel on April 23, 2012, which was denied. *See* Commonwealth's Response at 3-4.

3

Once again the trial was continued, and it was relisted for November 6, 2012. Mr. Server submitted a motion to dismiss under state Rule 600(g) on the same day. The motion was denied, and jury selection began on November 6, 2012, with testimony beginning on November 8, 2012. A mistrial was declared on November 8, 2012, and the case was relisted for trial immediately. Jury selection began on November 9, 2012, and trial began on November 13, 2012. On November 20, 2012, the jury reported that it could not reach a verdict, so a mistrial was declared. Petitioner's trial is presently scheduled for June 10, 2013. *See Commonwealth v. Henderson*, First Judicial District of Pennsylvania Court Summary[4] at 1; Court of Common Pleas of Philadelphia County Criminal Docket CP-51-CR-0008614-2009[5] at 21.

On July 24, 2012, Mr. Henderson signed and dated a §2241 Habeas Corpus Petition[6], and it was filed in the Eastern District of Pennsylvania on July 26, 2012.[7] Petitioner seeks habeas relief on the following grounds:

Ground one: Bias-Prejudice

Ground two: Bias-Ineffective Counsel-Conflict of Interest

Petition at 3-27. The Commonwealth denies that Mr. Henderson is entitled to federal habeas relief because Petitioner's claims are unexhausted and unreviewable; the matter is proceeding with appropriate speed, and the claims are frivolous. *See* Commonwealth's Response at 8.

## DISCUSSION

---

[4] Hereinafter "State Court Summary".

[5] Hereinafter "State Court Docket".

[6] Hereinafter "Petition".

[7] For purposes of the Report and Recommendation, under the prisoner mailbox rule, I will accept the earlier date, July 24, 2012, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

4

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy. Nevertheless, jurisdiction to issue the writ exists in the federal courts before a judgment is rendered in a state criminal proceeding." *Moore v. DeYoung*, 515 F.2d 437, 441-442 (3d Cir. 1975) (internal quotations and citations omitted). However, though federal courts do indeed have pretrial habeas corpus jurisdiction, "that jurisdiction without exhaustion should not be exercised at the pretrial stage unless extraordinary circumstances are present". *Id.* at 443. Without extraordinary circumstances, pretrial jurisdiction should be exercised "only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies". *Id.*

The exhaustion rule, codified in 29 U.S.C. §2254,[8] provides that the habeas petitioner must have "exhausted the remedies available in the courts of the State" for all constitutional claims before a federal court shall have habeas corpus jurisdiction. There are rare circumstances that circumvent this requirement, none of which apply to the case at hand. To exhaust all remedies for a claim under 28 U.S.C. §2254, the habeas petitioner must give the state courts a full and fair opportunity to resolve all federal constitutional claims. *See Castille v. Peoples*, 489

---

[8] The exhaustion requirements of 28 U.S.C. §2254 provide:

    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
        (A) the applicant has exhausted the remedies available in the courts of the State: or
        (B)(i) there is an absence of available State corrective process, or
            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

U.S. 346, 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order for Mr. Henderson to give each habeas claim a full and fair opportunity for resolution, he must have presented both the factual and legal substance in the state courts through the highest tribunal, the Pennsylvania Superior Court.[9] The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of the state judicial proceedings. *See Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille*, 109 S.Ct. at 1059 (1989). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *See Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993) ("[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available in the state court as will be employed in the federal court").

Exhaustion is still required in pretrial habeas cases. "[[T]here is no distinction [between §2241 and §2254] insofar as the exhaustion requirement is concerned." *Parker v. Giorla*, 2012 WL 6021139 *2 (E.D.Pa. November 2, 2012), *quoting Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975). Furthermore, even if a petitioner has exhausted state court remedies in his quest for pretrial habeas review, a district court should exercise its pretrial habeas jurisdiction "only if petitioner makes a special showing of the need for such adjudication". *Moore*, 515 F.2d at 443 (3d Cir. 1975).

---

[9] Seeking *allocator* by the Pennsylvania Supreme Court is not part of the standard appeals process. *See* Pennsylvania Supreme Court *Order No. 218* (May, 2000); *see also Mattis v. Vaughn*, 128 F.Supp.2d 249, 261 (E.D.Pa. 2001); *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

6

Mr. Henderson has never attempted to present either of his claims to the Pennsylvania Superior Court or to the Supreme Court of Pennsylvania. Consequently, this Court must ascertain whether or not extraordinary circumstances exist to excuse the exhaustion requirement in this pretrial habeas matter.

Petitioner claims that he was denied his right to a speedy trial, and, thus, he should be excused from the exhaustion requirement. Initially, it should be noted that bald assertions or conclusory allegations of constitutional violations will not supply a basis for an evidentiary hearing or for habeas relief. *See Zettlemoyer v.Fulcomer*, 923 F.2d 284, 301-02 (3d Cir. 1991), *cert. denied*, 502 U.S. 902 (1991). In regard to speedy trial claims, in particular, the Third Circuit has opined:

> We perceive nothing in the nature of the speedy trial right to qualify it as a per se "extraordinary circumstance." We know of no authority . . . that excepts or singles out the constitutional issue of speedy trial as an extraordinary circumstance sufficient to dispense with the exhaustion requirement. To the contrary, the cases in which the speedy trial claim has been raised in a pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts . . .

*Moore*, 515 F.2d at 446 (3d Cir. 1975). The exhaustion requirement has been excused only when state proceedings have been inexplicably halted for a long period of time. *See e.g., Story v. Kindt*, 26 F.3d 402, 405-06 (3d Cir. 1994). "Delay only rises to the level of inordinate in extreme cases." *Singleton v. Wynder*, 485 F.Supp.2d 602, 605 (E.D.Pa. 2007). Additionally, "[Third Circuit] cases have instructed district courts to stay their consideration of habeas petitions when previously stalled state proceedings resume." *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002).

There has been no inexplicable delay in this case. Most of the delay herein has had to do with Mr. Henderson's dissatisfaction with his numerous counsel, his requests for continuances,

7

as well as the two mistrials, and not through the actions of the state courts. Additionally, Petitioner's trial is scheduled to begin again on June 10, 2013. There is no justification for waiving the exhaustion requirement in this matter.

## **RECOMMENDATION**

Consistent with the above discussion, it is recommended that Petitioner's habeas application pursuant to 28 U.S.C. §2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.[10]

BY THE COURT:

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By E-mail:
Hon. James Knoll Gardner
Susan E. Affronti, Esq.     susan.affronti@phila.gov

By Mail:

Dionne Henderson
708286
CFCF
7901 State Road
Philadelphia, PA 19136

---

[10] Petitioner is advised that he may file objections to the Report and Recommendation. *See* Local Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights in this habeas action.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIONNE HENDERSON [708286] | : | CIVIL ACTION |
| v. | : | |
| MR. JOHN P. DELANEY, et al. | : | NO. 12-4265 |

## ORDER

AND NOW, this            day of                      , 2013, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED.**

2. The Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2241, is **DENIED AND DISMISSED WITHOUT PREJUDICE for failure to exhaust available state court remedies.**

There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
JAMES KNOLL GARDNER, J.

9